## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BING WU, FENG CHUN GUAN, TINA WANG, GUI BIN CAI, JUN ZHANG, QIN PIN YUAN, JIN LU MA, ZHEN HAI HE, and BAO WEN TAN,<br>Plaintiff, | :<br>:<br>:<br>:<br>: | 3:08 cv 746 (WWE) |
| | : | |
| v. | : | |
| | : | |
| CHANG'S GARDEN OF STORRS, LLC, CHANG'S GARDEN OF CT, INC., LE SHIH CHANG, HSIANG I CHANG, HSIANG I CHANG, and WEI-WEI CHANG,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>: | |

### MEMORANDUM OF DECISION ON MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE, MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In this multi-count complaint, plaintiffs Bing Wu, Feng Cun Guan, Tina Wang, Gui Bin Cai, Jun Zhang, Quin Ping Yuan, Jin Lu Ma, Zhen Hai He, and Bao Wen Tan allege that defendants Chang's Garden of Storrs, LLC, Chang's Garden of CT, Inc., Le Shih Chang, Hsiang I Chang, and Wei-Wei Chang violated the federal Fair Labor Standards Act ("FLSA"), the Connecticut Wage and Hour Law ("Wage Act"), and the Connecticut Unfair Trade Practices Act ("CUTPA").  Additionally, plaintiffs assert claims of intentional infliction of emotional distress, negligent infliction of emotional distress, breach of implied agreement, unjust enrichment and quantum meruit.

Defendants have filed a motion for more definite statement, a motion to strike, a motion to dismiss for lack of subject matter jurisdiction, and a motion to dismiss for failure to state a claim.  For the following reasons, the motion for more definite statement will be denied; the motion to strike will be granted in part and denied in part;

the motion to dismiss for lack of subject matter jurisdiction will be denied; and the motion to dismiss for failure to state a claim will be denied.

**BACKGROUND**

For purposes of this ruling, the Court takes the facts alleged in the complaint to be true.

Plaintiffs are restaurant workers who are former employees of defendants Chang's Garden of Storrs and Chang's Garden of CT, which are owned and operated by defendant Le Shih Chang and his father defendant Hsian I Chang.  Defendant Wei Wei Chang is a part owner of the restaurants and Le Shih Chang's older sister.

With the exception of plaintiff Bing Wu who worked as a delivery person, the remaining plaintiffs worked in the kitchen of the restaurants.  During their employment, defendants housed plaintiffs in a cramped, dilapidated, rat-infested basement apartment within Le Shih Chang's suburban home.  At times, eight employees resided in the basement apartment, which was approximately 1,000 square feet and not heated during the day.  Chang's Garden paid rent on behalf of each plaintiff to Le Shih Chang as partial compensation for plaintiffs' work for defendants.

Each plaintiff worked approximately 70 hours per week without receiving overtime compensation as required by state and federal law.  Most plaintiffs did not receive the lawful state or federal minimum wage.  Plaintiffs' salaries were substantially lower than those received by employees working comparable schedules in other Chinese restaurants in the Storrs area.  Defendants also paid Tina Wang less based on her gender.

2

Defendants willfully failed to post a notice explaining the Fair Labor Standards Act and employment practices in a conspicuous place in the workplace as required by federal and state law.

Defendants disregarded state law by (1) serving alcohol to university students without verifying their age; (2) adding MSG to foods despite advertising otherwise; (3) reusing orange rinds previously served to customers, without washing, in the preparation of dishes; and (4) failing to repair a stove exhaust pipe in the kitchen, which regularly dispelled sludge on the floors.

Defendants' conduct caused plaintiffs to suffer from loss of sleep, nightmares, headaches and joint pain.

**DISCUSSION**

Motion for More Definite Statement

Defendants move this Court to order plaintiffs to provide a more definite statement with respect to each count of the complaint.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain a short and plain statement of the case.  Under this rule, "little more than an indication of the type of litigation that is involved," and a generalized summary of the claims is required.  Friedlander v. Cimino, 520 F.2d 318, 320 (2d Cir. 1975).  Indeed, a court will grant a motion for a more definite statement only when a complaint is so vague that a responsive pleading cannot be filed or the party is unable to determine the issues.  Fed. R. Civ. P. 12(e); Bryson v. Bank of New York, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984).

Defendants request that plaintiffs clarify which defendant or defendants are

3

implicated as to each count.  Defendants also maintain that the complaint is so vague and incomprehensible that they cannot respond to it.  However, the complaint indicates that each count is alleged against each defendant.  Further, the complaint is not so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading.  For each plaintiff, the complaint provides a detailed account of the conduct that allegedly violates federal and state labor laws and that forms the factual predicate to the tort claims.  Accordingly, the motion for a more definite statement filed by defendants will be denied.

<u>Motion to Strike</u>

Defendants have moved to strike certain allegations that they consider irrelevant and prejudicial.  Specifically, defendants seek to strike the allegations concerning the service of alcohol to students (paragraph 36), the addition of MSG to the food served (paragraph 37), the reuse of orange rinds (paragraph 38), and the failure to make repairs to the stove exhaust pipe in the kitchen (paragraph 39).

Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon motion, a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In considering a motion to strike, the court does not examine the merits of the action, but merely determines whether any matter contained in the pleading itself was improperly included.  Because pleadings are to be construed liberally, motions to strike generally are not favored and will be granted only upon a showing that the allegations in question have no possible bearing on the subject matter of the litigation.  <u>Schramm v. Krischell</u>, 84 F.R.D. 294, 299 (D. Conn. 1979).

4

After careful review, it is clear that the motion to strike will be granted in part. With the exception of one deliveryman plaintiff, all plaintiffs worked in the kitchen.  The complaint does not represent that plaintiffs took any part in the service of alcohol in the restaurant and such service does not bear upon the alleged labor violations or tort claims.  Accordingly, the Court will strike paragraph 36.  However, the emotional distress claims concern the conditions of plaintiffs' employment.  Since paragraphs 37 through 39 are relevant to food preparation and the state of the kitchen, the Court will not strike these allegations.

<u>Motion to Dismiss for Lack Of Subject Matter Jurisdiction</u>

Defendants assert that this Court lacks federal subject matter jurisdiction over the state Wage Act claim because plaintiffs have failed to allege facts indicating that they have exhausted all available administrative remedies prior to commencing suit.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  <u>Thomson v. Gaskill</u>, 315 U.S. 442, 446 (1942).  In considering a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings.  See <u>Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi</u>, 215 F.3d 247, 253 (2d Cir. 2000).

Defendants do not dispute that plaintiffs have a private right of action to sue under the Wage Act but maintain that plaintiffs are obliged by law to exhaust all

5

available administrative remedies prior to exercising that right.

Connecticut General Statutes ("CGS") § 31-72 provides, in relevant part:

> When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action . . . . In addition, the Labor Commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages, payments due to an employee welfare fund or arbitration award, and the employer shall be required to pay the costs and such reasonable attorney's fees may be allowed by the court.

CGS § 32-68 provides, in relevant part:

> If any employee is paid by his employer less than the minimum fair wage or overtime wage to which he is entitled . . . he may recover, in a civil action, twice the full amount of such minimum wage less any amount actually paid to him by the employer, with costs and such reasonable attorney's fees as may be allowed by the court, . . . . The commissioner may collect the full amount of the unpaid minimum fair wages or unpaid overtime wages to which an employee is entitled . . . . In addition the commissioner may bring any legal action necessary to recover twice the full amount of the unpaid minimum fair wages or unpaid overtime wages to which the employee is entitled . . . .

The doctrine of exhaustion serves the goal to relieve the burden on the court system of cases that could be resolved through the administrative process.  See Johnson v. Statewide Grievance Comm., 248 Conn. 87, 95-96 (1999).  Thus, it follows that a plaintiff subject to a collective bargaining agreement must exhaust all

administrative remedies provided by contract prior to bringing a claim pursuant to CGS § 31-72.  Shortt v. New Milford Police Dept., 212 Conn. 294 (1989).

Here, no administrative remedies pursuant to a collective bargaining agreement exist.  Defendants advance their argument that available administrative remedies existed in reliance upon York v. State of Connecticut Comm'r of Dep't of Envtl. Prot., 2007 WL 447942 (Conn. Super. 2007).  York held that a plaintiff alleging a violation of the overtime payment rate and the legality of his collective bargaining agreement had failed to exhaust the available administrative remedy provided through CGS § 4-176 to petition the state labor department for a declaratory order determining the applicability of the relevant state and federal wage laws.  The Court reasoned that the declaratory order represented a "mechanism for attaining the remedy [plaintiff] seeks–a determination that the defendant violated state and federal wage laws and that the collective bargaining agreement is invalid . . . ."

However, Hoffman v. Corporate Display Specialties, Inc., 1992 WL 111021 (Conn. Super. 1992) held that, absent the contractual remedies of a collective bargaining agreement, no available remedy existed that required exhaustion prior to commencement of suit for recovery of wages.   Hoffman considered whether CGS § 31-76a, which authorizes the labor commissioner to investigate complaints of wage nonpayment, represented such an available remedy.  The superior court reasoned that it was not an available remedy because the statute did not afford for any recovery of the wages sought.

In this instance, plaintiffs' Wage Act claims seek a monetary award for the amount of money owed due to the wrongful wage nonpayment.   Thus, a declaratory

7

order would not provide the relief sought because it would not afford the recovery of the monetary award that could be provided through the civil action pursuant to the Wage Act.

Further, the statutes do not require that the commissioner file suit prior to the employee.  According to the statutory plain language, the commissioner's statutory right of action is ancillary or "in addition" to that of the employee.  The Court will deny the motion to dismiss for failure to exhaust administrative remedies.

Motion to Dismiss for Failure to State a Claim

Defendants argue that plaintiffs have failed to state any claims of intentional infliction of emotional distress and CUTPA.

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  The complaint is sufficient if the well-pleaded factual allegations plausibly give rise to an entitlement to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Intentional infliction of emotional distress requires a showing that (1) a defendant intended to inflict emotional distress or that defendant knew or should have known that emotional distress would result from the alleged conduct; (2) that the conduct was

8

extreme and outrageous; (3) that defendant's conduct was the cause of plaintiff's distress; and (4) that the emotional distress sustained by plaintiff was severe.  Peyton v. Ellis, 200 Conn. 243, 253 (1986).

Defendants attack plaintiffs' claim of intentional infliction of emotional distress for failure to allege any conduct that can considered to be extreme and outrageous and that caused plaintiffs' severe emotional distress.  Liability for intentional infliction of emotional distress attaches where the conduct exceeds all bounds of decent society and causes mental distress of a very serious kind.  DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991).  "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine."  Appleton v. Bd. of Educ. of the Town of Stonington, 254 Conn. 205, 210 (2000).

Plaintiffs have adequately alleged extreme and outrageous conduct that caused severe emotional distress.  The complaint details that plaintiffs were required to work 70-hour weeks with one day off without receiving the minimum wage or overtime pay required by law; that they were afforded two ten-minute breaks each day but that sometimes they were not allowed to take these breaks if work arose; that they were subjected to sludge from a stove exhaust pipe that defendants refused to repair; and that defendants provided, as part of plaintiffs' employment compensation, overcrowded, dilapidated, rat-infested and sometimes unheated housing.  Plaintiffs allege further that they suffered from feelings of shame, humiliation, anger, disappointment, worry, helplessness, powerlessness.  They also allege experiencing regular loss of sleep, nightmares, headaches and joint pain.  Construing the inferences of these alleged

9

facts, the Court finds that plaintiffs have stated a cause of action for intentional infliction of emotional distress.

Defendants argue that plaintiffs' CUTPA claims should be dismissed because the allegations do not fall within the scope of the statute.

The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive:  "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen."  A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990).  In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree.  Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999).

A private cause of action exists under CUTPA for a violation of statutes covering the landlord/tenant relationship.  Conaway v. Prestia, 191 Conn. 484, 491 (1983) (renting of unhabitable apartments to fifty-five tenants in four apartment buildings without certificates of occupancy offended public policy).  However, when a plaintiff's occupancy of a premises is incidental to the employment, the relationship is not that of landlord and tenant, although such arrangement may represent a license in real

10

property.  Muniz v. Kravis, 59 Conn. App. 704, 715 (2000).[1]

Here, plaintiffs allege that "[d]efendants, by collecting rent from the wages of the Restaurant Workers for housing owned by them which did not meet statutory standards of habitability, committed 'unfair or deceptive acts or practices in the conduct of any trade or commerce' within the meaning of CUTPA, Conn. Gen. Stat. § 42-110b." Accordingly, the Court must determine whether plaintiffs have alleged an arrangement that is incidental to the employment relationship or a landlord/tenant relationship that gives rise an unfair or deceptive trade practice.

In Muniz, the Connecticut Appellate Court considered whether an employee who lived on the employer's premises as part of her compensation as a cook had alleged facts to support her assertion of a landlord-tenant relationship.  In holding that plaintiff had failed to allege such a relationship, the Appellate Court noted that the complaint indicated that the use and occupancy of the premises was "incidental to and for the purpose of the employment," and that there was no allegation that "the value of the occupancy was deducted from wages otherwise due."  59 Conn. App. at 715.

In the instant complaint, the allegations indicate that plaintiffs' housing arrangement arose from or was incidental to the employment relationship.  However, plaintiffs have also alleged that defendants collected money from their wages to pay as rent for the housing.  Thus, construing the inferences of fact most liberally to plaintiffs, the Court finds that plaintiffs have adequately alleged a landlord/tenant relationship.

---

[1] Unlike a lease, a license in real property grants the licensee the privilege to act on the land of another, without affording the licensee any interest in the property.  Clean Corp. v. Foston, 33 Conn. App. 197, 203 (1993).

Given the additional allegations concerning the overcrowded, unsanitary living conditions and the violations of the zoning and housing codes, plaintiffs have satisfied the pleading standard for a CUTPA claim.  On summary judgment, plaintiffs may not be able to demonstrate that the landlord-tenant relationship existed.   However, at this stage in the case, the Court will leave plaintiffs to their proof.

**CONCLUSION**

For the foregoing reasons, the motion for more definite statement (doc. #104) is DENIED; the motion to strike (doc. #107) is GRANTED in part and DENIED in part; the motion to dismiss for lack of subject matter jurisdiction (doc. #105)  is DENIED; and the motion to dismiss (doc. #106) for failure to state a claim is DENIED.  Plaintiffs are instructed to file an amended complaint to remove paragraph 36 consistent with this ruling within 10 days of this ruling's filing date.


_____/s/_____
Warren W. Eginton, Senior U.S District Judge


Dated this _10th_ day of November, 2009 at Bridgeport, Connecticut.