# EXHIBIT A

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

No. 3:08 CV 746

-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  x

BING WU, FENG CHUN GUAN, TINA WANG,    :

GUI BIN CAI, JUN ZHANG, QIN PING       :

YUAN, JIN LU MA, ZHEN HAI HE, and      :

BAO WEN TAN,                           :

    Plaintiffs,                        :

       -v-                            :

CHANG'S GARDEN OF STORRS, LLC,         :

CHANG'S GARDEN OF CT. INC.,            :

LE SHIH CHANG, HSIANG I. CHANG, and    :

WEI WEI CHANG,                         :

    Defendants.                        :

-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  x

        Deposition of HSIANG I. CHANG,

taken pursuant to the Federal Rules of Civil

Procedure, at the Jerome N. Frank Legal Services,

133 Wall Street, New Haven, Connecticut, before

James A. Martone, LSR #248, and Notary Public, in

and for the State of Connecticut, on November 24,

2009, at 10:15 a.m.

EXHIBIT A

WU v. CHANG'S GARDEN                                     November 24, 2009

Page 2

1              A P P E A R A N C E S:

2        For the Plaintiffs:

3      JEROME N. FRANK LEGAL SERVICES ORGANIZATION

4      133 Wall Street

5      New Haven, Connecticut  06520

6      BY:  OHAD BARKAN, LAW STUDENT INTERN

7      AND:  SUSAN HAZELDEAN, ESQ.

8      AND:  MUNEER AHMAD, ESQ.

9

10          For the Defendants:

11     HOWARD, KOHN, SPRAGUE & FITZGERALD

12      237 Buckingham Street

13     Hartford, Connecticut  06126

14     BY:  JAMES F. SULLIVAN, ESQ.

15

16     Ee-Lin Huang, Interpreter

17     Interpreters and Translators

18     263 Main Street

19     Manchester, Connecticut  06042

20

21     ALSO PRESENT:

22     LE SHIH CHANG
       WILLIAM COLLINS
23     MOU SHAOSHUAI
       ANJALI DALAL

24

25

WU v. CHANG'S GARDEN                                November 24, 2009

Page 3

```
 1                S T I P U L A T I O N S

 2

 3      IT IS HEREBY STIPULATED AND

 4   AGREED by and between counsel for the

 5   respective parties hereto that all

 6   technicalities as to proof of the official

 7   character before whom the deposition is to

 8   be taken are waived.

 9

10      IT IS FURTHER STIPULATED AND

11   AGREED by and between counsel for the

12   respective parties hereto that the

13   deposition may be signed before any Notary

14   Public.

15

16      IT IS FURTHER STIPULATED AND

17   AGREED by and between counsel for the

18   respective parties hereto that all

19   objections, except as to form, are reserved

20   to the time of trial.

21

22

23                    *   *   *   *   *   *

24

25
```

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 4

1                          WITNESS INDEX

2

3                                                         PAGE

4   Direct Examination by Mr. Barkan               5

5   Cross-Examination by Mr. Sullivan            144

6

7

8                          EXHIBIT INDEX

9   PLAINTIFF            DESCRIPTION               PAGE

10  1  Articles of Organization document          55

11  2  Defendant Chang's Garden of Storrs, LLC

12     Notice of Filing                           79

13  3  Copies of checks                           92

14  4  1999 Form 1040                            106

15  5  2004 Form 1040                            108

16  6  2002 Form 1040                            108

17  7  Monthly payroll summary                   110

18  8  W-2 forms                                 111

19

20

21

22     NOTE:  Exhibits retained by counsel.

23

24

25

WU v. CHANG'S GARDEN                                November 24, 2009

```
 1        A.    I retire.

 2        Q.    Why did you open Chang's Garden

 3   Restaurant?

 4                    MR. SULLIVAN:  Object to the form.

 5                    MR. BARKAN:  What's your

 6   objection?

 7                    MR. SULLIVAN:  It assumes that he

 8   did open the restaurant.

 9        Q.    What was your last job before you

10   retired?

11        A.    It's also in a restaurant.

12        Q.    What restaurant?

13        A.    Chang's Garden.  It's also Chang's

14   Garden.

15        Q.    What was your job at Chang's Garden?

16        A.    Frying.

17        Q.    You were the deep fry cook at Chang's

18   Garden Restaurant?

19        A.    I was a cook.  Frying dishes cook.

20        Q.    Did you have any other jobs at Chang's

21   Garden?

22                    MR. SULLIVAN:  LeShih has an issue

23   with the translation.

24                    MR. LESHIH CHANG:  It's stir fry,

25   not deep fry like a French fry.
```

WU v. CHANG'S GARDEN                                    November 24, 2009

1          MR. BARKAN:   That was my mistake.

2     Q.   Thank you.  Can you please repeat the

3  last question and answer.

4          (Testimony read)

5     Q.   Did you have any other jobs at Chang's

6  Garden Restaurant?

7     A.   Well, I have to do other preparation

8  job also of course.

9     Q.   So you did prep cook and also fry cook?

10          MR. SULLIVAN:   Object to the form

11  of the question.

12          MR. BARKAN:   Can you please mark

13  this as Plaintiff's Exhibit 1.

14          (Plaintiffs' Exhibit 1 marked

15          For identification.)

16     Q.   I'm showing you something that's been

17  marked Plaintiff's Exhibit 1.  At the top of this

18  document it says Articles of Organization,

19  Domestic Limited Liability Company.  And on the

20  line marked line 1, it says Chang's Garden of

21  Storrs, LLC.  Do you recognize this document?

22     A.   No.

23     Q.   Do you recognize the name on line 4?

24  Do you recognize the name on line 4 as your name,

25  Hsiang I. Chang?

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 56

1        A.    I couldn't see now.  My eyes couldn't
2   see now.  My ear also couldn't hear clearly.
3        Q.    Did you found Chang's Garden of Storrs,
4   LLC?
5        A.    Yes, I did.
6              MR. LESHIH CHANG:  He didn't say
7   yes.
8              THE INTERPRETER:  He say
9   establish.
10       A.    Well, everything was done by my son.
11       Q.    Can you turn to page 2 please.  At the
12  bottom of page 2, there's a signature.  Is that
13  your signature?
14       A.    This one?  It seems like not signed by
15  me.
16       Q.    It says Hsiang Chang.
17       A.    It seems like I did not sign that.
18       Q.    Why does it seem like you did not sign
19  that?
20       A.    I also don't know.
21       Q.    What do you mean it seems like you
22  didn't sign that?
23       A.    I do not know where was this come from.
24       Q.    Is that your signature?
25       A.    No.  That was not signed by me.  You

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 57

1     could see my signature.  You could verify.

2          Q.   Did somebody sign that?  Did somebody

3     forge that signature?

4          A.   That I don't know.

5          Q.   It says Hsiang Chang?

6          A.   Yes.

7          Q.   Did somebody named Hsiang Chang sign

8     that?

9          A.   Hsiang Chang is me though.

10         Q.   Who signed that?

11         A.   That I don't know.

12         Q.   Did you authorize anybody to sign that?

13         A.   I did not.  Oh, yes, I did ask my son.

14    I did authorize my son.

15         Q.   You remember authorizing your son to

16    sign that document?

17         A.   I just authorize him to do things.  I

18    don't know he did sign for that.

19         Q.   Did you found Chang's Garden of

20    Connecticut?  Were you the founder -- strike

21    that.  Were you the founding president of Chang's

22    Garden of Storrs, LLC?

23         A.   Well, I -- maybe you could say that I

24    was founder, but I don't know English, so I --

25    everything I ask my son to do everything. He go

WU v. CHANG'S GARDEN                    November 24, 2009

Page 58

```
 1    and do, he go and do it.  You know, I don't know
 2    anything.
 3         Q.    But you were the owner and president,
 4    correct?
 5              MR. SULLIVAN:  Object to the form.
 6         A.    Yes.  Owner.
 7         Q.    Were you the owner of Chang's Garden of
 8    Storrs, Connecticut -- I'm sorry, strike that.
 9    You were the owner of Chang's Garden of Storrs,
10    LLC?
11              MR. LESHIH CHANG:  He didn't say
12    owner, he said boss.
13              (Discussion off the record.)
14              MS. HAZELDEAN:  I think we've
15    hired an expert translator, and --
16              MR. SULLIVAN:  I've also allowed
17    your folks to comment on the translation.
18              MR. BARKAN:  Apparently there's a
19    disagreement between the three of them.
20              MR. LESHIH CHANG:  It's one big
21    store.  Not like a company.
22              (Pause in the proceedings)
23              MR. SULLIVAN:  Is there a
24    question?
25         A.    Well, even though I am the boss, but
```

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 59

1    everything my son, I authorize my son to do

2    everything.

3        Q.    But you own the restaurant, correct?

4              MR. SULLIVAN:  Object to the form.

5        A.    Yeap.

6              MR. AHMAD:  I'm sorry, can you

7    instruct your client he can't be speaking to the

8    deponent during the deposition.

9              MR. SULLIVAN:  You can't do that.

10             MR. LESHIH CHANG:  My father asked

11   me who sign.

12             MR. AHMAD:  That's fine, but

13   Jamie, again, he needs to -- he can't speak to

14   his father during the course of the deposition.

15             MR. LESHIH CHANG:  Okay.

16       Q.    Way did you decide to found Chang's

17   Garden of Storrs?

18             MR. SULLIVAN:  Object to the form

19   of the question.

20             MR. BARKAN:  What is the

21   objection?

22             MR. SULLIVAN:  I don't know that

23   he answered that he was the founder.

24             MR. BARKAN:  He answered that he

25   was the owner and that his name is on the

WU v. CHANG'S GARDEN                                November 24, 2009

1    Articles of Organization.

2                    MR. SULLIVAN:  That's different

3    than being the founder.

4                    MR. BARKAN:  What is the

5    difference?

6                    MR. SULLIVAN:  The owner of record

7    could be just the owner of record.  The founder

8    connotes a level of control.

9                    MR. BARKAN:  The original owner of

10   anything is the founder.

11                   MR. SULLIVAN:  I stand by my

12   objection.

13                   MR. BARKAN:  You think he hasn't

14   admitted to founding the restaurant?

15                   MR. SULLIVAN:  Of course he has

16   not.  Not in a way that is clear to me.  Or to

17   him, more importantly.

18                   MR. BARKAN:  Can you read back the

19   final question and answer.  The most recent.

20                   (Testimony read)

21                   MR. SULLIVAN:  Same objection.

22                   (Question read)

23        Q.    Please answer the question.

24        A.    Well, I have been in America for so

25   long and I never have the chance to open any of

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 61

1   the restaurant, and since my son have came here,

2   so I just open up a restaurant and give it to

3   him, and ask him to manage.

4                    MR. LESHIH CHANG:  No.  That's not

5   right.  I said --

6                    THE INTERPRETER: , I couldn't

7   understand the last part.  My son told me -- my

8   son asked me to open up a restaurant for him.

9   Not to him.  My son asked me to open a

10  restaurant.  Sorry.  Because I couldn't

11  understand the last part.  It's not clear.

12  Sorry.

13                   MR. BARKAN:  Jamie, throughout the

14  depositions, when we have had an objection to the

15  translation, the objection has been relayed by

16  our observer through the lawyer.  So I'm going to

17  ask that LeShih Chang sit over there and when he

18  has an objection to the translation, to give it

19  to you and you can make the objection.  But we

20  can't have LeShih and his father communicating.

21                   MR. SULLIVAN:  I agree.  You don't

22  need to move.  Just don't communicate with your

23  father.

24                   MR. BARKAN:  I would ask that you

25  sit here.  LeShih to sit at the head of the

WU v. CHANG'S GARDEN                                November 24, 2009

Page 62

1   table.  We've never had somebody other than the

2   attorney communicating with, or even sitting at

3   the table next to the deponent.  And there's

4   plenty of ways of communicating without using

5   words.  So I need him to sit at the head of the

6   table.

7               MR. SULLIVAN:  Hsiang, do you feel

8   comfortable with your son sitting over here or

9   would you rather have him next to you?

10       A.   Anything.

11              MR. SULLIVAN:  Okay.  Doesn't

12  matter, all right.

13       A.   Anything.  He's my son.  He's not talk

14  to me.

15       Q.   All right.

16              MR. BARKAN:  Can you read back the

17  last question and answer.

18              (Testimony read)

19       Q.   So you opened this restaurant, correct?

20              MR. SULLIVAN:  Object to form.

21       A.   Yes.  Was my name.

22       Q.   Why did you open the restaurant?

23       A.   Well, I've been so long in America, and

24  since my son had came, and he asked me to open up

25  a restaurant, and since I have the chance, so I

WU v. CHANG'S GARDEN                                    November 24, 2009

1    open up the restaurant and give it to him or ask

2    him to manage.

3         Q.    Why did you want LeShih to manage the

4    restaurant?

5         A.    Because I don't know English.  I don't

6    know anything.

7         Q.    You thought he would be a good manager?

8    Did you think that LeShih, your son, would be a

9    good manager?

10        A.    Yes.  I know that he is working very

11   hard.

12        Q.    And you thought that he would help make

13   the business a success, correct?

14        A.    Well, success or not, I don't know.  It

15   have to depend on himself.

16        Q.    Did you invest money in Chang's Garden

17   of Storrs?

18        A.    I totally did not manage anything.  I

19   give every authority to him.  He manage

20   everything.

21        Q.    Did you invest money in Chang's Garden

22   of Storrs?

23        A.    I did not.

24        Q.    Who paid for the restaurant when you

25   bought it?

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 64

1        A.    It's all done by my son.  I think all
2    pay by him.
3        Q.    You did not pay the previous owner?
4        A.    No.
5        Q.    All of the money came from LeShih
6    Chang?
7        A.    Correct.
8        Q.    Who is the owner of Chang's Garden of
9    Storrs, LLC?
10       A.    Although the name was under my name,
11   but everything was done by him.  I authorize him
12   to do the things.
13       Q.    But you were --
14             THE INTERPRETER:  He did not say
15   he authorized.  He did everything.  That's what
16   he said.  I do not want to add anything.
17       Q.    But you were the owner, correct?
18             MR. SULLIVAN:  Object to the form.
19       A.    Yes.
20       Q.    How much did it cost to open the
21   restaurant?
22       A.    I do not know.
23       Q.    Why did you open the restaurant for
24   LeShih?
25       A.    Well, anyway he have to find a job.  If

WU v. CHANG'S GARDEN                          November 24, 2009

1   he don't work here he have to find a job in

2   elsewhere.  So if he could get a job in this

3   place, it's kind of feel a little bit security.

4          Q.   So you opened it with him so that he

5   would have a job?

6          A.   Yes.  He could get a job.

7          Q.   So you hired your son to manage the

8   restaurant?

9                MR. SULLIVAN:  Object to the form.

10         A.   Well, he manage everything but I also

11  work at the same place as a cook for frying the

12  dishes.

13         Q.   You hired your son to manage the

14  restaurant, correct?

15               MR. SULLIVAN:  Object to the form.

16         A.   Correct.

17               MR. BARKAN:  Jamie, what is the

18  objection?

19               MR. SULLIVAN:  One, it calls for a

20  legal conclusion, and two, the translation,

21  concepts like owner, hire --

22               (Pause in the Proceedings)

23               THE INTERPRETER:  In certain

24  situation, when we hire a person, we say invite a

25  person to come and help.  But in this case, I

WU v. CHANG'S GARDEN                                November 24, 2009

Page 66

1    should more elaborate about, just say hire or,
2    you know, so I have to explain this to him. Can
3    I explain it to him or I don't know?
4                MR. BARKAN:  No.  I'm going to
5    rephrase the question.
6                THE INTERPRETER:  Yes.
7                MR. SULLIVAN:  I think she needs
8    to rephrase the question in order for the
9    transfer to be clear.
10               THE INTERPRETER:  In this case it
11   needs to be more elaborated.
12               MR. BARKAN:  I'm gonna rephrase
13   the question.
14               THE INTERPRETER:  Yes, please.
15        Q.   Did you invite LeShih Chang to come
16   work at the restaurant?
17        A.   Yes.  I have to invite him.
18        Q.   Did you hire him to work -- strike
19   that.  How much was LeShih Chang paid per month
20   when you opened the restaurant?
21        A.   I don't know.  I don't know.  I also
22   don't care about the management side.
23               MR. SULLIVAN:  LeShih thinks his
24   dad is tired, and you want to take a break?
25        A.   Yes, I feel --

WU v. CHANG'S GARDEN                                November 24, 2009

Page 67

1        Q.    Let's go five more minutes and then
2   we'll finish up this line of questioning.
3                  MR. SULLIVAN:  You've already
4   started a new line of questions.  Do you want to
5   take a break now or can you go five more minutes?
6        A.    Yes, I could continue another five more
7   minutes.
8        Q.    Thank you.  Are you proud of the
9   restaurant?
10        A.    I feel happy to have a restaurant.  To
11   open up a restaurant.
12        Q.    Do you think that owning the restaurant
13   is an indication of your success as an immigrant
14   in America?
15        A.    Yes, I feel very happy.
16        Q.    It shows that you have been a
17   successful small businessman, correct?
18        A.    Correct.
19        Q.    Why didn't you ask Wei Wei Chang to
20   manage the restaurant?  Strike that.  Why didn't
21   you invite Wei Wei Chang to manage the
22   restaurant?
23        A.    All along I don't care.  I don't
24   involve in any of the management.  I told you
25   already, I don't manage anything in the

WU v. CHANG'S GARDEN                                    November 24, 2009

Page 68

1    restaurant.  I all give it to, I let my son to do

2    all the management.

3         Q.   Why didn't you let your daughter do all

4    of the management?

5         A.   Well, he is my son.  When the son can

6    manage, that's good enough.

7         Q.   So you made a decision that he should

8    manage the restaurant?

9         A.   Well, I asked him to come and I let him

10   manage everything.

11                   MR. BARKAN:  Let's take a break.

12   We'll restart at 1:30.

13                   (Lunch recess: 12:58-1:45 p.m.)

14                   MR. BARKAN:  Back on the record.

15                   MR. BARKAN:  It's 1:45.

16        Q.   And we're back on the record.  When did

17   you first learn about this lawsuit?

18        A.   I don't know.  Not even -- since the

19   day they ask me to come to the court.

20        Q.   That was the first day you learned

21   about the lawsuit?

22        A.   Yes.

23        Q.   Do you remember what month and year

24   that was?

25        A.   I don't know.

## <u>CERTIFICATE</u>

I hereby certify that I am a Notary Public, in and for the State of

Connecticut, duly commissioned and qualified to administer oaths.

I further certify that the deponent named in the foregoing deposition

was by me duly sworn and thereupon testified as appears in the foregoing

deposition; that said deposition was taken by me stenographically in the

presence of counsel and reduced to print under my direction, and the

foregoing is a true and accurate transcript of the testimony.

I further certify that I am neither of counsel nor related to either of the

parties to said suit, nor am I interested in the outcome of said cause.

Witness my hand and seal as Notary Public this _3rd_ day of

_December_, 2009.



NOTARY PUBLIC
JAMES MARTONE
L.S.R. 248

My Commission Expires:

MARCH/ 2013

STATE OF CONNECTICUT ✦ DEPARTMENT OF CONSUMER PROTECTION
Be it known that

JAMES A MARTONE
10 WOODLAWN AVE
BRANFORD, CT 06405

has been certified by the Department of Consumer Protection as a licensed

SHORTHAND REPORTER

Effective: 01/01/2008
Expiration: 12/31/2010