# EXHIBIT F

2/18/2010                                                    Joseph DeCusati

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

|                                        | :  |
|----------------------------------------|----|
| BING WU, FENG CHUN GUAN,               | :  | 3:08-CV-00746-WWE
| TINA WANG, GUI BIN CAI, JUN:           |    |
| ZHANG, QIN PING YUAN, JIN              | :  |
| LU MA, ZHEN HAI HE, AND BAO:           |    |
| WEN TAN,                               | :  |

             Plaintiffs,         :
                                  :
       -vs-                       :
                                  :
CHANG'S GARDEN OF STORRS,   :
LLC, CHANG'S GARDEN OF CT, :
INC., LE SHIH CHANG, HSIANG:
I CHANG AND WEI-WEI CHANG, :
                                  :
             Defendants.         :
                                  :

_____


DEPOSITION OF:   JOSEPH A. DECUSATI,
                 CPA, ASA, CFE
DATE:            FEBRUARY 18, 2010
TIME:            10:00 A.M.
HELD AT:         HOWARD, KOHN, SPRAGUE AND
                 FITZGERALD
                 237 BUCKINGHAM STREET
                 HARTFORD, CONNECTICUT 06126


BRANDON SMITH REPORTING SERVICE, LLC
Reporter:  Gretchen Sisk, LSR #460


    44 Capitol Avenue          Six Landmark Square, 4th Floor
    Hartford, CT  06106          Stamford, CT  06901
      (860) 549-1850              (203) 316-8591
      (800) 852-4589              (800) 852-4589

Wu v. Chang's Garden

2/18/2010                                                    Joseph DeCusati

APPEARANCES


FOR THE PLAINTIFFS, BING WU, FENG CHUN GUAN, TINA WANG,
GUI BIN CAI, JUN ZHANG, QIN PING YUAN, JIN LU MA, ZHEN
HAI HE, AND BAO WEN TAN:

    Yale School of Law
    127 Wall Street
    New Haven, Connecticut 06520
    (203) 432-4800

    By:  Muneer I. Ahmad, Esq.
        Scott L. Shuchart, Esq.
        Ady Barkan


FOR THE DEFENDANTS, CHANG'S GARDEN OF STORRS, LLC,
CHANG'S GARDEN OF CT, INC., LE SHIH CHANG, HSIANG I
CHANG AND WEI-WEI CHANG:

    Howard, Kohn, Sprague & Fitzgerald, LLP
    237 Buckingham Street
    P.O. Box 261798
    Hartford, Connecticut 06126
    (860) 525-3101

    By:  James F. Sullivan, Esq.

Wu v. Chang's Garden

2/18/2010                                          Joseph DeCusati

Page 3

INDEX

                                              Page

        Appearances --------------------------   2
        Stipulations -------------------------   4
        Signature Page -----------------------  81
        Correction Sheet ---------------------  82
        Certificate --------------------------  83

WITNESS:

        JOSEPH A. DECUSATI, CAP, ASA, CFE
            Direct Examination by Mr. Sullivan -----   5
            Cross-Examination by Mr. Barkan --------  76

DEFENDANTS' EXHIBITS:

  1.   Witness' binder ----------------------------   7
 1A.   Document entitled Confidential Attorney Work
       Product dated 10/7/09 ----------------------   7
 1B.   Documents from accountant David Cheng -------  10
  2.   Remainder of witness' file ------------------  12
  3.   Letter dated 10/5/09 with attachments -------  12
  4.   Memorandum dated 11/4/09 --------------------  12
  5.   Witness' work papers ------------------------  13
  6.   Microsoft Excel schedules -------------------  13
  7.   Document entitled Background/Qualifications -  13
  8.   Witness' billing records --------------------  13
  9.   Various documents -------------------------   13
 10.   2009 Form 8027 -----------------------------  13
 11.   2009 Instructions for Form 8027 -------------  13
 12.   IRS Bars & Restaurants Audit Technique
       Guide --------------------------------------  13
 13.   E-mails ------------------------------------  14
 14.   Transcript of deposition dated 8/31/09 ------  14
 15.   Letter dated 11/10/09 with attachments ------  31
 16.   Plaintiffs' Disclosure of Expert Witness
       and witness' report ------------------------  41

        (All exhibits marked during the deposition
        were retained by Mr. Sullivan.)

Wu v. Chang's Garden

2/18/2010                                        Joseph DeCusati

Page 4

```
 1                    STIPULATIONS

 2

 3       It is stipulated by the Attorneys for the Plaintiff

 4   and the Defendant that all objections are reserved until

 5   the time of trial, except those objections as are

 6   directed to the form of the question.

 7       It is stipulated and agreed between counsel for the

 8   parties that the proof of the authority of the

 9   Commissioner before whom this deposition is taken is

10   waived.

11       It is further stipulated that any defects in the

12   notice are waived.

13       It is further stipulated that the reading and

14   signing of the deposition transcript by the witness is

15   not waived.

16

17

18

19

20

21

22

23

24

25
```

Wu v. Chang's Garden

2/18/2010                                                    Joseph DeCusati

Page 5

1                       PROCEEDINGS

2

3              (The expert deposition of Joseph A.

4       DeCusati, CPA, ASA, CFE, commenced at 10:18 a.m. on

5       this 18th day of February, 2010, with all counsel

6       and the deponent present.)

7

8              JOSEPH A. DECUSATI, CPA, ASA, CFE,

9       Deponent, having first been duly sworn by Gretchen

10      Sisk, LSR, a Notary Public in and for the State of

11      Connecticut, was examined and testified as follows:

12

13                  DIRECT EXAMINATION

14

15   BY MR. SULLIVAN:

16      Q.   Mr. Decusati?

17      A.   Yes.

18      Q.   My name is Jamie Sullivan.  I represent the

19   defendants Chang's Garden of Storrs, LLC, Chang's Garden

20   of CT, Inc. Le Shih Chang, Hsiang Chang, and Wei-Wei

21   Chang in a case that's been brought by several

22   plaintiffs who were former employees.  I'm going to be

23   asking you some questions today about the opinions that

24   have been disclosed in a federal district court case

25   pending in Bridgeport, Connecticut.

Wu v. Chang's Garden

2/18/2010                                                Joseph DeCusati

1              I know you've had your deposition taken a

2      number of times, so I'm not going to go through the

3      ground rules, except one.  If you don't understand a

4      question, please let me know.  Because if you do answer

5      a question, I'm going to assume that you understood it,

6      okay?

7          A.   Very good.

8          Q.   All right.  Now you brought with you, I

9      assume, your file?

10         A.   I did.

11         Q.   Okay.  So let's -- why don't you tell us what

12     your file consists of?

13         A.   Sure.  In this bound binder I have a set of

14     financial documents, each labeled on this table of

15     contents.  Tab one indicating key financials, tab two

16     being the business income tax returns of Chang's Garden,

17     LLC for the years 1998 through 2008, tab three being

18     Chang's Garden, Inc. federal income tax returns for the

19     years 2004 through 2007, tab four is Mr. Chang's federal

20     income tax returns, personal, for the years 2005 through

21     2007, tab --

22         Q.   You don't need to read through that.

23         A.   Okay.

24         Q.   This was put together how?  The binder?

25         A.   This binder was prepared by Mr. Barkan.

Wu v. Chang's Garden

2/18/2010                                                    Joseph DeCusati

```
                                                            Page 57
 1          Visa, and other various elements of total revenue.

 2

 3     BY MR. SULLIVAN:

 4          Q.    Okay.  Now going to page three and going to

 5     the second to last paragraph, the second sentence is --

 6     you say, in our experience, when under-reporting of

 7     actual payroll expense occurs within a restaurant, a

 8     business owner rarely reports at least an equivalent

 9     amount of gross revenues so that the net profit of the

10     company is not over-reported; and, thus, avoiding the

11     phantom income tax liability resulting from the

12     under-reporting payroll expense.

13          Let me ask you, that's based on your -- our

14     experience.  When you say our experience, is that your

15     experience?

16          A.    Both mine and other forensic examiners within

17     the company.  But I have done most of the forensic

18     examination, in recent years, at least, at the firm.

19          Q.    Okay.  So is -- as you prepared this report,

20     did you speak to any other person in your firm about

21     their experience in this area?

22          A.    Specific to this case, no.  But in prior

23     cases, yes.

24          Q.    Okay.  And is there anything that you've

25     brought with you today, or that you can point me to,
```

2/18/2010                                               Joseph DeCusati

Page 58

1    that supports this conclusion, other than our

2    experience?

3        A.   No.

4        Q.   All right.  Is there any written study, any

5    investigation that you've seen by any entity whatsoever,

6    that says what you've said in the -- the second sentence

7    of the penultimate paragraph?

8        A.   Yes.

9        Q.   What was your response again?

10       A.   Yes.

11       Q.   Okay.  And what is that?

12       A.   I've seen resources explain that in the past.

13   Of them are materials provided by the American Society

14   of Certified Fraud Examiners.  I believe it's noted in

15   Exhibit 12, bars and restaurants, instructing IRS

16   auditors when there is an under-reporting of payroll

17   that there's also -- often they are instructed to look

18   at revenues and tap into that a bit further to make sure

19   that if payroll is under-reported, that revenue is

20   likely under-reported, as well.

21       Q.   Now you say in the next paragraph, and we'll

22   get to -- you say at the beginning of the next

23   paragraph, should this pattern be true for the

24   restaurant.  You don't, as you sit here today, know

25   whether or not they under-report their -- their gross

2/18/2010                                                    Joseph DeCusati

Page 59

1    revenues, do you?

2        A.    No.

3        Q.    Okay.  And you mention that in Exhibit 12

4    there is some direction to -- to auditors to take a look

5    at the revenue side.  Whereabouts is that?  I just -- if

6    you could --

7        A.    I believe --

8        Q.    If it's --

9        A.    It's in chapter seven, I believe, but it might

10   take some time to find it.  But I believe it's in

11   chapter seven.

12       Q.    Let's spend just thirty seconds.  If it comes

13   up, great.

14            MR. BARKAN:  Jamie, could we have the

15       court reporter read back a question from a moment

16       ago?

17            MR. SULLIVAN:  You can when it's your

18       turn.

19            MR. BARKAN:  Okay.

20            THE WITNESS:  Can I ask?

21            MR. SULLIVAN:  Yeah.

22            THE WITNESS:  Can you, please read back

23       the question from -- the most recent question.

24            MR. SULLIVAN:  Actually, I think that you

25       can do that, as well.

Wu v. Chang's Garden

2/18/2010                                                    Joseph DeCusati

Page 60

1              MR. BARKAN:  The one that I'm curious

2         about is "you don't know, do you."  I believe

3         that's how it starts.

4              MR. AHMAD:  Sitting here today, you don't

5         know.

6

7         (Whereupon the court reporter read back the

8         requested testimony.)

9

10             THE WITNESS:  There's apparent

11        suggestions for the auditor to look to sales in

12        various parts.  It doesn't specifically say look to

13        revenue, but there's portions of chapter seven that

14        elude to checking the income, verifying sales

15        information, as part of your procedures for looking

16        at the tip and payroll information.

17

18   BY MR. SULLIVAN:

19     Q.   Does it say in there -- and you'll have the

20   opportunity to read it -- but my reading of it is much

21   more uninformed than yours.  Does it say in there that

22   if you under-report your tips, it's more likely than

23   not -- when I say you, restaurant -- that it's more

24   likely than not that the same restaurant will

25   under-report its revenues?

Wu v. Chang's Garden

2/18/2010                                                          Joseph DeCusati

Page 83

1                          STATE OF CONNECTICUT

2          I, Gretchen Sisk, a Licensed Professional

3     Reporter/Commissioner within and for the State of

4     Connecticut, do hereby certify that pursuant to notice

5     there came before me on the 18th day of February, 2010,

6     the following named person, to wit:  JOSEPH A. DECUSATI,

7     CPA, ASA, CFE, who was by me duly sworn to testify to

8     the truth, the whole truth, and nothing but the truth;

9     that he was thereupon carefully examined upon his oath

10    and his examination reduced to print under my

11    supervision; that this deposition is a true record of

12    the testimony given by the witness.

13          I further certify that I am neither attorney

14    nor counsel for nor related to nor employed by any of

15    the parties to the action in which this deposition is

16    taken, and further, that I am not a relative or employee

17    of any attorney or counsel employed by the parties

18    hereto, or financially interested in this action.

19          IN WITNESS THEREOF, I have hereunto set my

20    hand this 22nd day of February, 2010.

21

22                              _____
                                Gretchen Sisk, LSR #460
23                              Commissioner

      My Commission expires on:
24    September 20, 2010

25