## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
BING WU, FENG CHUN GUAN, TINA WANG,        :
GUI BIN CAI, JUN ZHANG, QIN PING YUAN,     :
JIN LU MA, ZHEN HAI HE, and BAO WEN TAN,   :
                                           :
Plaintiffs,                                :      CIVIL ACTION NO. 3:08-cv-746
                                           :
      -against-                            :
                                           :
CHANG'S GARDEN OF STORRS, LLC,             :      August 30, 2010
CHANG'S GARDEN OF CT, INC.,                :
LE SHIH CHANG, and HSIANG I CHANG          :
                                           :
Defendants.                                :
-----------------------------------------------------------X
```

### STIPULATION AND ORDER FOR SETTLEMENT

This stipulation and order for settlement (the "Agreement") is made and entered into by and between Bing Wu, Feng Chun Guan, Tina Wang, Gui Bin Cai, Jun Zhang, Qin Ping Yuan, Jin Lu Ma, Zhen Hai He, and Bao Wen Tan (collectively, the "Plaintiffs"), on the one hand, and Le Shih Chang, Chang's Garden of Storrs, LLC, and Chang's Garden of CT, Inc. (collectively, the "Settling Defendants," and together with the Plaintiffs, the "Parties"), on the other hand, and is effective as of August 31, 2010 (the "Effective Date).

### RECITALS

This Agreement is made by and entered into among the Parties for the following purposes and with reference to the following facts:

WHEREAS, the Plaintiffs filed a complaint in the above-captioned proceeding (the "Action"), claiming that the Settling Defendants and Hsiang I Chang have violated, *inter alia*,

the Fair Labor Standards Act, Connecticut wage and hour law, the Equal Pay Act, the

Connecticut Unfair Trade Practices Act and have committed breach of implied contract, and

negligent and intentional infliction of emotional distress, all of which have allegedly resulted in

injury to the Plaintiffs;

WHEREAS, on April 23, 2010, Hsiang I Chang filed a petition for relief (the "Chang

Bankruptcy Proceeding") under chapter 7 of title 11, 11 U.S.C. § 101 et seq. (the "Bankruptcy

Code"), in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy

Court") and, is therefore not within the definition of Settling Defendants for the purposes of this

Agreement;

WHEREAS, the Settling Defendants seek to have all stayed claims against Hsiang I

Chang dismissed subject to the approval of the United States Bankruptcy Court.

WHEREAS, the Parties hereto now desire to resolve, compromise, and settle, finally and

completely, all disputes, claims, and controversies between and among them, pursuant to the

terms and conditions set forth below.

NOW, THEREFORE, in consideration of the foregoing recitals and for good and

valuable consideration, the sufficiency and receipt of which are hereby mutually acknowledged,

the Parties hereto hereby warrant, represent, acknowledge, covenant, and agree as follows:


AGREEMENT

1.     Payment to the Plaintiffs.  The Settling Defendants shall pay the Plaintiffs the sum

of one hundred and thirty-six thousand dollars ($136,000.00) (the "Total Payment") pursuant to

the payment schedule set forth in Paragraph 2 below, upon which payment in accordance with

such payment schedule and compliance with all other terms set forth in this Agreement shall be

in full and final satisfaction of all claims raised by Plaintiffs in this lawsuit, including costs and

attorneys' fees.  Settling Defendants bear joint and several liability for making the Total Payment.  While this Agreement settles all of Plaintiffs' claims against Settling Defendants, all payments are made to compensate Plaintiffs for their claims of physical harms resulting from their living situation, and the intentional infliction of emotional distress and negligent infliction of emotional distress that resulted from this physical harm.

2.  <u>Schedule of Payments</u>. Settling Defendants shall make the Total Payment by delivering to counsel for the Plaintiff twenty-six (26) payments as follows:

a.  One payment of fifty thousand dollars ($50,000.00), immediately upon signing of this Agreement, to be delivered to counsel for Plaintiffs no later than September 3, 2010 (the "First Payment").

b.  One payment of fifty thousand dollars ($50,000.00), to be delivered to counsel for Plaintiffs no later than September 21, 2010 (the "Second Payment").

c.  Twenty-four (24) payments of one thousand five hundred dollars ($1,500.00), each on or before the 15th day of each month from October 2010 to September 2012, inclusive (the "Last Twenty-Four Payments").

3.  <u>Form of Payment.</u>  The First Payment, Second Payment, and the Last Twenty-Four Payments shall be made payable to J.N.F. Legal Services Organization, for deposit in the escrow account for counsel for the Plaintiffs.  The First and Second Payments shall be made by cashier's check, and shall be sent to counsel for the Plaintiffs by hand-delivery or overnight mail, at Settling Defendants' expense, for receipt by the dates specified in Paragraphs 2a and 2b.  The Last Twenty-Four Payments each shall be made by wire transfer or Automatic Clearing House (ACH) transfer, directly from Defendant Chang's Garden of CT, Inc.'s bank account to Plaintiffs' escrow account.  Defendant Le Shih Chang agrees to provide Plaintiffs with all

authorizations necessary to establish automatic payment of the Last Twenty-Four Payments, according to the schedule set forth in Paragraph 2c, directly from Chang's Garden of CT, Inc.'s bank account to Plaintiffs' escrow account, with any costs to be borne by the Settling Defendants.  Settling Defendants agree to provide Plaintiffs with thirty (30) days' notice if the automatic payment of any of the Last Twenty-Four Payments is changed in any way.

4.      Events of Default.  If any of the following events occur, Settling Defendants will be considered in breach of this Agreement and, upon written notice filed by of one or more of the Plaintiffs, the United States District Court for the District of Connecticut (the "Court") shall enter judgment in favor of Plaintiffs against the Settling Defendants, jointly and severally, for an amount equal to the Total Payment, less any amount paid pursuant to the terms hereof, plus interest at the federal judgment rate from the date of this Agreement, plus Plaintiffs' attorneys' fees for the preparation of and filing of a motion for entry of judgment with the Court:

a.      Failure to make full payment of the First Payment by the date specified in Paragraph 2a;

b.      Failure to make full payment of the Second Payment by the date specified in Paragraph 2b; or

c.      Failure to make full payment of any of the Last Twenty-Four Payments within ten (10) calendar days of the last day of each month from September 2010 to August 2012, inclusive.

d.      Settling Defendant Le Shih Chang, pursuant to or within the meaning of Title 11, U.S. Code, or any similar Federal, foreign or state law for the relief of debtors (collectively, the "Bankruptcy Law"), (A) commences a voluntary case

or (B) consents to the entry of an order for relief against it in an involuntary case, before Plaintiffs receive the Total Payment in its entirety.

    e.    Any of the Settling Defendants fail to perform or comply with any provision in this Agreement.

    f.    Any of the Settling Defendants' representations or warranties set forth herein is incorrect.

    5.    <u>Dismissal of Claims</u>.  Within ten (10) business days following Settling Defendants' payment of the Total Payment in accordance with the payment schedule and in compliance with all other terms set forth in this Agreement, Plaintiffs and Settling Defendants shall cause the Action to be dismissed with prejudice by filing a Joint Motion for Stipulated Order of Dismissal With Prejudice in the form attached hereto as Exhibit A.  The Action shall remain pending and the Court shall retain jurisdiction over the Parties and the dispute between the Parties until dismissed with prejudice pursuant to the immediately preceding sentence.  If any of the Plaintiffs, by judgment, agreement or otherwise, is required to disgorge some or all of the Total Payment, pursuant to actions under chapter 5 of title 11, including without limitation, 11 U.S.C. §546, 11 U.S.C. §547, 11 U.S.C. §548, 11 U.S.C. §549 and 11 U.S.C. §550 or other applicable law, then the payments shall be deemed to have not been made pursuant to this Agreement, the Action shall be reinstated and the Plaintiffs shall retain all of their rights the same as if the disgorged payments were never made.

    6.  <u>Releases</u>.

    a.    In exchange for the consideration set forth herein, and upon dismissal of the Action in accordance with paragraph 5 of this Agreement, each of the Plaintiffs hereby fully and completely releases, discharges, and acquits the Settling Defendants, their parent

corporations, subsidiaries and affiliates, and their respective directors, officers, agents, past and present employees, shareholders, heirs, partners, joint venturers, predecessors, successors, assigns, attorneys, insurers and any other persons acting on behalf of the Settling Defendants (collectively the "Releasees"), of and from any and all claims, counterclaims, rights, interests, sums of money, overpayments, underpayments, accounts, bonds, controversies, demands, actions, indebtedness, agreements, promises, causes of action, costs, expenses (including attorneys' fees), responsibilities, obligations, covenants, damages, losses, suits, judgments and liabilities of any nature whatsoever, in law or in equity, whether or not known, suspected, claimed, developed or undeveloped, anticipated or unanticipated (hereinafter called "Claims") that any Plaintiff ever had, claimed to have, now has, or may hereafter have or claim to have, based upon the allegations set forth in the Action that occurred through the Effective Date of this Agreement, against the Releasees, provided, however, that Hsiang I Chang shall be included in the term "Releasees" only if and when the condition set forth in paragraph 6(c) is satisfied.

b.      In exchange for the consideration set forth herein, and upon dismissal of the Action in accordance with paragraph 5 of this Agreement, the Settling Defendants and anyone claiming through each of the Settling Defendants (including a trustee in a bankruptcy proceeding), hereby fully and completely release, discharge, and acquit each Plaintiff, their heirs, and any other persons acting on behalf of any Plaintiff (collectively the "Plaintiff Releasees") of and from any and all Claims that the Settling Defendants ever had, claimed to have, now has, or may hereafter have or claim to have, based upon events that occurred through the Effective Date of this Agreement, against the Plaintiff Releasees.

c.      In exchange for the consideration set forth herein, and upon the happening of both (i) dismissal of the Action in accordance with paragraph 5 of this Agreement and (ii)

execution of this Agreement by the chapter 7 trustee and approval of the Bankruptcy Court by

final order of this release, the chapter 7 trustee within the Chang Bankruptcy Proceeding, on

behalf of Hsiang I Chang and the estate of Hsiang I Chang, hereby fully and completely releases,

discharges, and acquits each of the Plaintiff Releasees of and from any and all Claims that

Hsiang I Chang or the estate of Hsiang I Chang ever had, claimed to have, now has, or may

hereafter have or claim to have, based upon events that occurred through the Effective Date of

this Agreement, against the Plaintiff Releasees.

      7.    <u>Releases Do Not Extend to Obligations Under the Agreement</u>.  The releases set

forth above are not intended to, and shall not, extend to or otherwise release or discharge any

rights, privileges, benefits, duties, or obligations of any of the Parties hereto by reason of, or

otherwise arising under, this Agreement.

      8.    <u>Subsequent Discovery of Different Facts</u>.  All signatories to this Agreement, and

each of them, acknowledge that they may hereafter discover facts different from, or in addition

to, those which they now believe to be true with respect to any and all of the Claims herein

released.  Nevertheless, each of them agree that each of these releases and obligations set forth

above shall be and remain effective in all respects, notwithstanding the discovery of such

different or additional facts.

      9.    <u>Plaintiffs Will Retain Attachments to Property to Secure their Interest.</u>  In order to

ensure payment of the full settlement amount, the Plaintiffs will retain their interest in Settling

Defendants' property through attachment, as specified in the Order on Plaintiffs' Motion for

Prejudgment Remedy attached hereto as Exhibit B, with the sole exception that Plaintiffs'

attachment of the sum of $1,052.49 in the savings account of Defendant Le Shih Chang located

at People United Bank, account number ***-*****22-05, and Plaintiffs' attachment of the sum

of $45,941.00 in the checking account of Defendant Chang's Garden of CT, Inc. with People

United Bank, account number ***-***1790, shall be released upon the condition that these sums

be used in their entirety to satisfy the First Payment to Plaintiffs. In order to ensure that

Plaintiffs' attachment of Defendant Le Shih Chang's real property relates back to the date of the

Order on Plaintiffs' Motion for Prejudgment Remedy, Plaintiffs will file a Judgment Lien

Certificate, attached hereto as Exhibit C, with the Town Clerk of Mansfield, Connecticut. In

order to ensure that Plaintiffs' attachment of Defendant Chang's Garden of CT, Inc.'s personal

property relates back to the date of the Order on Plaintiffs' Motion for Prejudgment Remedy,

Plaintiffs will file a Judgment Lien Certificate, attached hereto as Exhibit D, with the Secretary

of State of Connecticut. In order to ensure that Plaintiffs' attachment of Defendant Le Shih

Chang's three vehicles relates back to the date of the Order on Plaintiffs' Motion for

Prejudgment Remedy, Plaintiffs will file a Judgment Lien Certificate, attached hereto as Exhibit

E, with the Secretary of State of Connecticut. Also in order to secure the attachment of

Defendant Le Shih Chang's vehicles, Defendant Le Shih Chang will deliver title for the

following vehicles to Plaintiffs' attorneys to be held in escrow:

     a. 2007 Ford Econoline Van, VIN # 1FBNE31L47DA55379

     b. 2001 Honda Accord, VIN # 1HGCF86681A075399

Upon dismissal of the Action in accordance with paragraph 5 of this Agreement, the Plaintiffs

will release all remaining claims to Settling Defendants' attached property.

     10. <u>Good Faith Negotiations</u>. The Parties represent that this Agreement is the result of

good faith arm's-length negotiations between the Parties. The Parties further represent that the

Agreement constitutes a fair exchange for reasonably equivalent value and fair consideration.

11.   <u>Solvency</u>.  The Settling Defendants represent that Defendant Le Shih Chang is currently solvent and is generally able to pay his debts as they come due.

12.   <u>No Admission of Liability</u>.  It is expressly understood and agreed that this Agreement is made in compromise and settlement and that the payment of any sum of money, and the execution of this Agreement shall not constitute, nor be asserted to be or construed as, an admission of any liability whatsoever by any Party, as each Defendant has consistently taken the position that it has no liability to any of the Plaintiffs.

13.   <u>Confidentiality</u>.  This Agreement, the terms and conditions contained herein, the negotiations leading hereto, and the implementation hereof (collectively "Confidential Settlement Information") shall be kept strictly confidential, and shall not be disclosed to anyone not a party to this Agreement unless compelled by a court of competent jurisdiction or otherwise required by law; <u>provided</u>, <u>however</u>, that any Party may acknowledge the fact of a money settlement; <u>provided further,</u> that the Parties intend for this Agreement to be signed by the Court and, accordingly, it may be filed with the Court, not under seal, and otherwise publically available to the same extent as any other paper filed with the Court; <u>provided further</u>, that the Parties shall be allowed to reveal Confidential Settlement Information, to the extent necessary, to their spouses, accountants, attorneys or other professionals in response to a duly authorized request, or to a regulatory, administrative or other public authority for tax reporting purposes or to fulfill disclosure, reporting or other legal obligations; <u>provided further</u>, that the Parties may disclose the terms of this Settlement Agreement in any proceeding to enforce its terms; <u>provided further</u>, that the Plaintiffs may disclose the terms of this Settlement Agreement, as necessary, in order to obtain Judgment Lien Certificates for the real and personal property of Defendant Le Shih Chang.  In the event Confidential Settlement Information is disclosed as permitted pursuant

to this paragraph, the Parties shall take such steps as are reasonable and necessary to minimize

such disclosure, including, but not limited to, where appropriate, steps to file or place such

information under seal.

14.   <u>Authority and Legality</u>.  Each Party signing this Agreement represents and warrants

that the person signing this Agreement on its behalf has the full authority to bind that Party, and

said Party's successors and assigns, to the terms of this Agreement.  Each Party signing this

Agreement represents and warrants that it has the legal capacity to enter into this Agreement, that

it understands this Agreement and that it intends to be legally bound thereby.

15.   <u>Entire Agreement</u>.  This Agreement constitutes the sole and entire agreement and

understanding between the Parties with respect to the express subject matter hereof and

supersedes any and all prior and contemporaneous negotiations, promises, covenants,

commitments, understandings, inducements, representations, agreements or discussions, whether

oral, written, express or implied.  The Parties acknowledge that no representation, promise or

inducement has been made with respect to the express subject matter hereof other than as

specifically set forth in this Agreement, and that they have not entered into this Agreement in

reliance upon any other representation, promise or inducement with respect to the express subject

matter hereof not set forth herein.

16.   <u>Notices</u>.  All notices or other communications that any Party hereto desires or is

required to give to any of the other Parties hereto shall be given in writing by facsimile or

overnight delivery.  All such communications shall be sent to the individuals noted below, or to

such other individual as such party may designate in writing from time to time.

        a.  If to any Defendant:                    James F. Sullivan, Esq.
                                                            Christopher M. Harrington, Esq..
                                                             Howard, Kohn, Sprague &
                                                             FitzGerald

237 Buckingham Street
Hartford, CT 06126-1798
Ph:  (860) 525-3101
Fax: (860) 247-4201

b.   If to any Plaintiff:

Muneer I. Ahmad, Esq.
Susan Hazeldean, Esq.
Michael J. Wishnie, Esq.
Jerome N. Frank Legal Services
Organization
Yale Law School
127 Wall Street
New Haven, CT 06511
Ph:  (203) 432-4800
Fax: (203) 432-1426

c.   If to the Chapter 7 Trustee for
the Estate of Hsiang I Chang:

Anthony Novak
Lobo & Novak, LLP
280 Adams Street
Manchester, CT 06042-1975
Ph:  (860) 645-0006

17.   <u>Attorneys' Fees and Costs</u>.  The Parties shall bear their own attorneys' fees and

costs in connection with the Action and the negotiation and execution of this Agreement.

18.   <u>Modification</u>.  No provision of this Agreement may be amended, modified,

changed, altered, waived, or supplemented except by a writing stating the intent of all Parties to

amend, modify, change, alter, waive, or supplement this Agreement or any provision thereof that

is signed by duly authorized representatives of each and every Party hereto or their respective

successors in interest.

19.   <u>Construction of Agreement/Choice of Law and Forum</u>.  This Agreement shall be

construed as a whole in accordance with its fair meaning and in accordance with the substantive

and procedural laws and rules of the State of Connecticut, regardless of that State's conflict of

laws rules.  Any action brought to enforce the provisions of this Agreement shall be commenced,

prosecuted, and defended exclusively in the state and federal courts located in Connecticut.  The

language of this Agreement shall not be construed for or against any particular Party.  The Parties agree that all of them and their attorneys have drafted the Agreement and that there shall be no presumption that one Party drafted the Agreement for purposes of construing it.  Section headings in this Agreement are included for convenience of reference only and shall not affect the construction of this Agreement.

20.    Binding Effect.  This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

21.    Waiver.  No waiver of the breach of any of the terms or provisions of this Agreement shall be a waiver of any preceding or succeeding breach of the Agreement or any provisions of it.

22.    Counterparts.  This Agreement may be executed in one or more counterparts, each and all of which shall constitute and shall be construed as a single original instrument upon execution, delivery and exchange of such signed counterparts by and among the Parties hereto. A fully executed copy of this Agreement may be used with the same force and effect as the original of this Agreement.

23.    Effective Date.  The Effective Date of this Agreement shall be August 31, 2010, and this Agreement shall be effective as of such date.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**

_____

Date: _____

Witness:

_____

Dated:

_____

**FENG CHUN GUAN**

_____

Date: _____

Witness:

_____

Dated:

_____

**TINA WANG**

_____

Date: _____

Witness:

_____

Dated:

_____

**GUI BIN CAI**

_____

Date: _____

Witness:

_____

Dated:

_____

**JUN ZHANG**

_____

Date: _____

Witness:

_____

Dated:

_____

**QIN PING YUAN**

_____

Date: _____

Witness:

_____

Dated:

_____

**JIN LU MA**

_____

Date: _____

Witness:

_____

Dated:

_____


**ZHEN HAI HE**

_____

Date: _____

Witness:

_____

Dated:

_____


**BAO WEN TAN**

_____

Date: _____

Witness:

_____

Dated:

_____


**LE SHIH CHANG**

_~~Le shih chang~~_

Date: 8/30/10

Witness: Christopher M. Herrington

_~~signature~~_

Dated: 8/30/10


**THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF HSIANG I CHANG, as to Paragraph 6c of the Agreement**

_____

Date: _____

Witness:

_____

Dated:

_____


**CHANG'S GARDEN OF STORRS, LLC**

_~~Le shih chang~~_

Date: 8/30/10

Witness: Christopher M. Herrington

_~~signature~~_

Dated: 8/30/10

**CHANG'S GARDEN OF CT, INC.**

By: _Le shih Chang_

Name: _Le Shih Chang_

Title: _Pres._

Date: _8/30/10_

Witness: _Christopher M. Herrington_

Dated: _8/30/10_

_____

SO ORDERED

Dated: _____, 2010

_____

U.S. District Judge Warren W. Eginton

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**

Date: _____

Witness:

_____

Dated:

_____

**FENG CHUN GUAN**

*Feng chan guan*

Date: _9/1/10_____

Witness:

*Bng Wu*

Dated: _9/1/10_____

**TINA WANG**

Date: _____

Witness:

_____

Dated:

_____

**GUI BIN CAI**

Date: _____

Witness:

_____

Dated:

_____

**JUN ZHANG**

Date: _____

Witness:

_____

Dated:

_____

**QIN PING YUAN**

Date: _____

Witness:

_____

Dated:

_____

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**

_B J Wy_

Date: _9/1/10_

Witness:

_Yinghua piao_

Dated: _09/01/10_

**FENG CHUN GUAN**

Date: _____

Witness:

_____

Dated:

**TINA WANG**

Date: _____

Witness:

_____

Dated:

**GUI BIN CAI**

Date: _____

Witness:

_____

Dated:

**JUN ZHANG**

Date: _____

Witness:

_____

Dated:

**QIN PING YUAN**

Date: _____

Witness:

_____

Dated:

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**                                          **FENG CHUN GUAN**

_____                              _____
Date: _____                                Date: _____

Witness:                                             Witness:

_____                              _____

Dated:                                               Dated:

_____                              _____


**TINA WANG**                                        **GUI BIN CAI**

_Lu Wang_
_____                              _____
Date: _9/1/2010_                                     Date: _____

Witness:                                             Witness:

_____                              _____

Dated: _9/1/10_                                      Dated:

_____                              _____


**JUN ZHANG**                                        **QIN PING YUAN**

_____                              _____
Date: _____                                Date: _____

Witness:                                             Witness:

_____                              _____

Dated:                                               Dated:

_____                              _____

**JIN LU MA**

Date: _____

Witness:

_____

Dated:

_____

**ZHEN HAI HE**

*Zhen hai He*

Date: 9/1/2010

Witness: *[signature] Wu*

Dated: 9/1/2010

**BAO WEN TAN**

Date: _____

Witness:

_____

Dated:

_____

**LE SHIH CHANG**

Date: _____

Witness:

_____

Dated:

_____

**THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF HSIANG I CHANG, as to Paragraph 6c of the Agreement**

Date: _____

Witness:

_____

Dated:

_____

**CHANG'S GARDEN OF STORRS, LLC**

Date: _____

Witness:

_____

Dated:

_____

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**

Date: _____

Witness:

_____

Dated:

_____

**FENG CHUN GUAN**

Date: _____

Witness:

_____

Dated:

_____

**TINA WANG**

Date: _____

Witness:

_____

Dated:

_____

**GUI BIN CAI**

Date: _____

Witness:

_____

Dated:

_____

**JUN ZHANG**

Date: _____

Witness:

_____

Dated:

_____

**QIN PING YUAN**

Date: _Qing Ping Yuan_ 9/1/10

Witness: _(signature)_

Dated: _9/1/10_

**JIN LU MA**

Date: _____

Witness:

_____

Dated: _____

**ZHEN HAI HE**

Date: _____

Witness:

_____

Dated: _____

**BAO WEN TAN**

Buo Wen Tan

Date: _9 / 1 / 10_

Witness:

Wencheng Song

Dated: _9/1/10_

**LE SHIH CHANG**

Date: _____

Witness:

_____

Dated: _____

**THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF HSIANG I CHANG, as to Paragraph 6c of the Agreement**

Date: _____

Witness:

_____

Dated: _____

**CHANG'S GARDEN OF STORRS, LLC**

Date: _____

Witness:

_____

Dated: _____

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**

_____

Date: _____

Witness:

_____

Dated:

_____

**FENG CHUN GUAN**

_____

Date: _____

Witness:

_____

Dated:

_____

**TINA WANG**

_____

Date: _____

Witness:

_____

Dated:

_____

**GUI BIN CAI**

_____

Date: _____

Witness:

_____

Dated:

_____

**JUN ZHANG**

zhang. Jun
_____

Date: _____ 9.1.10

Witness:

Yan Xia Shen
_____

Dated: 9/01/10
_____

**QIN PING YUAN**

_____

Date: _____

Witness:

_____

Dated:

_____

**JUN ZHANG**

Date: _____

Witness:

_____

Dated:

_____

**QIN PING YUAN**

Date: _____

Witness:

_____

Dated:

_____

**JIN LU MA**

MA JIN Lu

Date: 9/30/2010

Witness:

Long Yun Piao

Dated:
9/30/2010

**ZHEN HAI HE**

Date: _____

Witness:

_____

Dated:

_____

**BAO WEN TAN**

Date: _____

Witness:

_____

Dated:

_____

**LE SHIH CHANG**

Date: _____

Witness:

_____

Dated:

_____

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**BING WU**

Date: _____

Witness:

_____

Dated:

_____

**FENG CHUN GUAN**

Date: _____

Witness:

_____

Dated:

_____

**TINA WANG**

Date: _____

Witness:

_____

Dated:

_____

**GUI BIN CAI**

By: _____

Date: _____ 9/1/10

Witness: Pursuant to durable limited power of attorney (attached).

_____ Long Yun Piao _____

Dated: 9/1/10

**JUN ZHANG**

Date: _____

Witness:

_____

Dated:

_____

**QIN PING YUAN**

Date: _____

Witness:

_____

Dated:

_____

# DURABLE LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

That I, <u>Gui Bin Cai, of 4208 Saull Street, Flushing, New York, 11355</u>, do hereby appoint <u>Bing Wu, of 143-47 38th Avenue, Flushing, New York 11354</u>, my attorney-in fact, to:

(1) sign any documents and/or carry out any actions that will constitute my acceptance of any settlement offer from Defendants in the case of *Wu v. Chang's Garden* (Docket No.: 3:08-cv-746) that I personally approve via telephone, fax, mail, or other method of communication utilized and deemed appropriate by my legal counsel in said case.

(2) Should my legal counsel fail to contact me in spite of a reasonable effort, and should my legal counsel deem it necessary to determine my acceptance or rejection of any settlement offer that may arise, I appoint my attorney-in-fact to decide on my behalf whether to accept or reject such a settlement offer and to subsequently sign any documents and/or carry out any actions that will constitute my acceptance of the offer. I understand that the meaning of "reasonable effort" will depend on the specific nature and urgency of any particular settlement offer(s) that may arise in the course of litigation.

DISABILITY: This power of attorney shall not be affected by my subsequent disability or incompetence.

**In Witness Whereof,** I have hereunto signed my name and affixed my seal this __17__ day of __March__, __2010__.
      (month)      (year)

_Gui bin Cai_
(Signature of Principal)

**WITNESSES**

Attested and subscribed in the presence of the principal and subsequent to the principal subscribing same:

First Witness signs: _William Collins_
Print witness name: _William Collins_

Second Witness signs: _Shaoshuai Mou_
Print witness name: _SHAOSHUAI MOU_

STATE OF NEW YORK   )

                    ) ss: at ___FLushinG NY___ on ___MAR___ _17_, _2013_

COUNTY OF __QueenS__)              (Town)              (month)  (day)  (year)

Personally Appeared ___Gui Bin Cai___, Signer and Sealer of the foregoing
instrument, and acknowledged the same to be his/her free act and deed, before me.

_____

Notary Public

My commission expires: _____

LOUIS F. VALVANO
NOTARY PUBLIC, State of New York
No. 01VA4065330
Certificate Filed in Queens County
Term Expires Oct. 31, 20___